**Dated: June 27, 2025.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re:<br>**TODD BENJAMIN SCHLOMER,**<br>　　　　　Debtor. | Case No. 24-10999-cgb<br><br>Chapter 11 |
| **BRIAN FANALE, UPWARD ENTERPRISES, LLC, PARAGON PRINCIPLES, LLC, GOLD STAR MARKETING, LLC,**<br>　　　　　Plaintiffs,<br>　v.<br>**TODD BENJAMIN SCHLOMER,**<br>　　　　　Defendant. | Adv. No. 24-01065-cgb |

**OPINION AND ORDER DENYING DEFENDANT'S AMENDED
MOTION TO DISMISS AND GRANTING LEAVE TO AMEND**

**Introduction**

The plaintiffs seek a judgment that debt the defendant owes to them is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). After the

1

plaintiffs filed an amended complaint, the defendant moved to dismiss two plaintiffs under Rule 12(b)(1) for lack of standing. The defendant also sought dismissal on various Rule 12(b)(6) grounds. As discussed at a hearing on April 1, 2025, at this time, the Court considers only whether the individual plaintiff has standing to assert these claims and whether the § 523(a)(2)(A) claim was timely.

The individual plaintiff has statutory standing to object to discharge because he is a creditor and constitutional standing because he has been directly injured by the alleged course of conduct. Also, the § 523(a)(2)(A) claim relates back to the original complaint and is therefore timely because the facts pled in the amended complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings. The Court will therefore deny the motion to dismiss on these two grounds and grant the plaintiffs leave to amend their complaint to address the remaining issues raised in the motion to dismiss to the extent necessary.

## Jurisdiction and Authority

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding to determine dischargeability of debt under 28 U.S.C. § 157(f). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). All parties consent to the Court entering a final order and judgment in this matter.[1]

## Procedural Background

On August 23, 2024, Defendant Todd Benjamin Schlomer (the "Defendant") filed a chapter 11 bankruptcy case.[2] He listed Brian Fanale, Upward Enterprises, LLC, Paragon Principles, LLC, and Gold Star Marketing, LLC (the "Plaintiffs") as unsecured creditors in his bankruptcy schedules.[3] The deadline for objecting to discharge was December 2, 2024. On December 2, 2024, the Plaintiffs filed their *Complaint to Determine Non-Dischargeability of Claims*[4] (the "Original Complaint"), initiating this adversary proceeding. The Original Complaint alleges

---

[1]  ECF Nos. 19, 30, Statements Regarding Consent.
[2]  Case No. 24-10999, ECF No. 1, Voluntary Petition.
[3]  Case No. 24-10999, ECF No. 1, Schedule E/F, pp. 4 (listing Fanale); 7 (listing Gold Star); 9 (listing Paragon); 13 (listing Upward).
[4]  ECF No. 1, Original Compl.

that debt owed to the Plaintiffs should be deemed non-dischargeable under sections 523(a)(4) and (a)(6) of the Bankruptcy Code. On December 23, 2024, the Plaintiffs each timely filed proofs of claim for unliquidated debts in the main bankruptcy case.[5]

On January 2, 2025, the Defendant filed *Defendant's Motion to Dismiss Plaintiffs' Complaint to Determine Non-Dischargeability of Claims* (the "Original Motion to Dismiss").[6] On January 23, 2025, the Plaintiffs filed their *First Amended Complaint to Determine Non-Dischargeability of Claims* (the "Amended Complaint"), which added a claim under section 523(a)(2)(A).[7] On February 7, 2025, the Defendant filed *Defendant's Amended Motion to Dismiss Plaintiffs' First Amended Complaint to Determine Non-Dischargeability of Claims* (the "Amended Motion to Dismiss").[8] The Plaintiffs responded on March 14, 2025.[9] The Court held a hearing on the Amended Motion to Dismiss on April 1, 2025.

During the hearing, the Court took under advisement the issues of whether Plaintiff Brian Fanale ("Fanale") has standing and whether the section 523(a)(2)(A) claim was timely. The Court also granted the Plaintiffs leave to amend to address the other issues raised in the Amended Motion to Dismiss to the extent necessary.

**Factual Background**

All of these facts are as alleged in the Amended Complaint. Fanale and the Defendant started Upward Enterprises, LLC ("Upward") and Paragon Principles, LLC ("Paragon," and collectively, the "Companies").[10] The only two members of each of these Companies are Gold Star Marketing, LLC ("Gold Star"), an entity solely owned by Fanale, and SCTM Enterprises, LLC ("SCTM"), an entity solely owned by the Defendant.[11] Gold Star and SCTM each own 50% of both Upward and Paragon.[12] The Companies provide coaching, mentoring, and resources for home

---

[5] Case No. 24-10999, Claim Nos. 21–24.
[6] ECF No. 8, Mtn to Dismiss.
[7] ECF No. 11, Am. Compl. Along with the Amended Complaint, the Plaintiffs filed their *Motion to File Exhibits Under Seal, Per L.R. 9018* [ECF No. 12], which was later deemed moot [ECF No. 35] and the Plaintiffs filed Exhibits B and C on March 14, 2024 [ECF No. 36].
[8] ECF No. 24, Am. Mtn to Dismiss.
[9] ECF No. 39, Resp. to Am. Mtn to Dismiss. The parties agreed to extend the response deadline to March 14, 2024. ECF No. 33.
[10] ECF No. 11, Am. Compl. ¶ 8.
[11] ECF No. 11, Am. Compl. ¶ 8.
[12] ECF No. 11, Am. Compl. ¶ 8.

businesses and network marketers.[13] The Defendant was the Companies' Chief Technical Officer and Chief Financial Officer.[14] In these roles, the Defendant was primarily responsible for the Companies' corporate finances and bookkeeping and had control of their banking and financial accounts.[15]

During the COVID-19 pandemic, the Defendant urged the Companies to obtain loans through the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loan program ("EIDL").[16] The Defendant represented to the Plaintiffs that the Companies could not survive without these funds and that the money obtained would be used for the Companies' operations.[17] Based on these representations, in 2020 and 2021, the Companies obtained a PPP loan and two EIDL loans (collectively, the "COVID Loans"), as well as a $150,000 loan and a $50,000 line of credit from ODK Capital ("ODK").[18] Both Fanale and the Defendant personally guaranteed the Companies' COVID Loans.[19]

In March 2022, the Defendant asked the Companies to amend their loan agreements to obtain additional funds for operations, falsely representing that the Companies could not survive without the funds.[20] Based on the Defendant's representations, Paragon dramatically increased its EIDL loan amount from $150,000 to $1,701,200 and Upward dramatically increased its EIDL loan amount from $150,000 to $764,800.[21] Again, Fanale personally guaranteed the Companies' EIDL loans.[22] At the Defendant's direction, Upward obtained another loan for $175,000 from ODK on May 26, 2023.[23] The Plaintiffs allege that while urging the Companies to obtain these loans, the Defendant embezzled the Companies' funds

---

[13] ECF No. 11, Am. Compl. ¶ 9.
[14] ECF No. 11, Am. Compl. ¶ 9.
[15] ECF No. 11, Am. Compl. ¶ 9.
[16] ECF No. 11, Am. Compl. ¶ 10.
[17] ECF No. 11, Am. Compl. ¶ 10.
[18] ECF No. 11, Am. Compl. ¶ 10. Upward obtained (1) a $262,000 PPP loan on May 2, 2020, (2) a $150,000 EIDL loan on November 18, 2020, (3) a $150,000 loan from ODK on February 12, 2021, and (4) a $50,000 line of credit from ODK on February 16, 2021. Paragon obtained a $150,000 EIDL loan on March 22, 2021.
[19] ECF No. 11, Am. Compl. ¶ 10.
[20] ECF No. 11, Am. Compl. ¶ 11.
[21] ECF No. 11, Am. Compl. ¶ 11.
[22] ECF No. 11, Am. Compl. ¶ 11.
[23] ECF No. 11, Am. Compl. ¶ 12.

4

for personal use and had misappropriated at least $975,984.30 by summer 2023.[24] The Plaintiffs further allege that the majority of the embezzled funds were from the EIDL loans that Fanale guaranteed.[25]

On July 29, 2023, Fanale, the Defendant, and a business consultant attended a Zoom meeting to discuss the Companies' finances.[26] During the meeting, Fanale reviewed Upward and Paragon's payroll accounts and discovered numerous transfers from Paragon's payroll account to Eden Hills Holdings, LLC ("Eden Hills"), an entity owned and operated by the Defendant and his wife Vanessa N. Jones.[27] According to the Plaintiffs, the Defendant confessed to embezzling the money to fund Eden's operations.[28] The Plaintiffs contend that the Defendant's actions harmed both Upward and Paragon because the Companies are now obligated to pay approximately $20,000 in monthly debt service on the EIDL loans and have since defaulted.[29] The Plaintiffs allege that the Companies "suffered damages for the full amount of the embezzled funds, interest accrued on the loans, financial losses and damage to the company's reputation, attorney's fees and costs incurred in recovering the embezzled funds as well as other statutory and exemplary damages."[30] They also allege that Fanale lost his livelihood and faces exposure and liability on his personal guarantees of the EIDL loans.[31]

In December of 2023, the Plaintiffs sued the Defendant in state court.[32] About eight months later, the Defendant filed bankruptcy.[33] On the deadline for filing an objection to discharge, the Plaintiffs filed this adversary proceeding and asserted claims under 11 U.S.C. §§ 523(a)(4) (fiduciary fraud and embezzlement) and (a)(6) (willful and malicious injury).[34] After the Defendant filed the Original Motion to

---

[24] ECF No. 11, Am. Compl. ¶¶ 10, 25.
[25] ECF No. 11, Am. Compl. ¶ 25. In the bankruptcy case, the Small Business Administration (the "SBA") filed a claim for $2,659,423.26 based on the Defendant's personal guarantee of the COVID Loans. According to the claim, Paragon owed $1,845,509.73 and Upward owed $813,913.53 for their respective EIDL loans. Case No. 24-10999, Claim No. 11-1.
[26] ECF No. 11, Am. Compl. ¶ 14.
[27] ECF No. 11, Am. Compl. ¶ 14.
[28] ECF No. 11, Am. Compl. ¶ 17.
[29] ECF No. 11, Am. Compl. ¶ 20.
[30] ECF No. 11, Am. Compl. ¶ 28.
[31] ECF No. 11, Am. Compl. ¶ 28.
[32] ECF No. 11, Am. Compl. ¶ 22.
[33] ECF No. 11, Am. Compl. ¶ 24.
[34] ECF No. 1, Original Compl.

Dismiss, the Plaintiffs amended their complaint to add a cause of action under section 523(a)(2)(A) for "false pretenses, a false representation, or actual fraud."[35] The Defendant then moved to dismiss the amended complaint.[36]

In the Amended Motion to Dismiss, the Defendant argues that the Amended Complaint should be dismissed because Fanale lacks standing and because the section 523(a)(2)(A) claim was untimely, among other things outside the scope of this opinion.[37]

## Analysis

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal when a court lacks subject-matter jurisdiction because a plaintiff does not have constitutional standing to assert the claims at issue.[38] Rule 12(b)(6) governs dismissal for failure to state a claim upon which relief can be granted, a basis for dismissing untimely claims.[39]

### A.    Fanale obviously has standing.

Rule 12(b)(1) governs requests for dismissal for lack of subject matter jurisdiction.[40] One basis for challenging a court's subject matter jurisdiction is that the plaintiff lacks constitutional standing to bring the claim.[41] When deciding a motion to dismiss for lack of jurisdiction courts can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts."[42]

---

[35] ECF No. 11, Am. Compl. ¶¶ 30–33.
[36] ECF No. 24, Am. Mtn to Dismiss.
[37] ECF No. 24, Am. Mtn to Dismiss ¶¶ 5–12, 34–36.
[38] Fed. R. Civ. P. 12(b)(1), made applicable to adversary proceedings by Bankruptcy Rule 7012.
[39] Fed. R. Civ. P. 12(b)(6).
[40] Fed. R. Civ. P. 12(b)(1).
[41] *Higgins v. Texas Dept. of Health Servs.*, 801 F. Supp. 2d 541, 547 (W.D. Tex. 2011) ("A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1)." (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795, n.2 (5th Cir. 2011)).
[42] *Higgins*, 801 F.Supp. 2d at 547 (quoting *Freeman v. United States,* 556 F.3d 326, 334 (5th Cir. 2009)).

Constitutional standing requires at a minimum: "(1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of independent action of some third party not before the court; and (3) the likelihood that a favorable decision will redress the injury."[43] The plaintiff's injury "must affect the plaintiff in a personal and individual way."[44] Even if a plaintiff has statutory standing, the plaintiff must also show a concrete harm caused by the defendant's statutory violation.[45] "The party invoking federal jurisdiction bears the burden of establishing these elements."[46]

Establishing Fanale's constitutional standing is not difficult based on the facts alleged in the Amended Complaint and supplemented by the record of the Defendant's bankruptcy case. To begin, the Amended Complaint alleges that Fanale "lost his livelihood" and "faces exposure and liability on his personal guarantees of the EIDL loans," which certainly affects him in a "personal and individual way." These injuries are not hypothetical because the Companies have defaulted on the EIDL loans, the SBA has filed a claim in the Defendant's bankruptcy case based on the personal guarantees that both he and Fanale signed, and the Defendant is insolvent and unlikely to pay the EIDL loans in full.[47] Additionally, because the Defendant filed bankruptcy, Fanale's unsecured claim would be discharged without a determination from this Court that the debt is nondischargeable. The Amended Complaint also alleges that Fanale signed the guarantees based on the Defendant's false representations that the Companies could not survive without the loans, which connects the Defendant's conduct directly to Fanale's injuries.[48] This Court can redress Fanale's alleged injuries by deeming the Defendant's debt to Fanale non-dischargeable.

The Defendant cites two cases to support his contention that Fanale's personal guarantees do not give Fanale standing to pursue his claims, but neither case involves

---

[43] *Higgins*, 801 F.Supp. 2d at 551 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *Croft v. Governor of Texas,* 562 F.3d 735, 745 (5th Cir.2009)).
[44] *Higgins*, 801 F.Supp. 2d at 551 (citing *Lujan*, 504 U.S. at 560 n.1).
[45] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021).
[46] *Higgins*, 801 F.Supp. at 551 (citing *Lujan*, 504 U.S. at 561).
[47] *See* Case No. 24-10999, ECF No. 48, Proposed Plan, Ex. B (chart of claims and scheduled payments proposing to pay the SBA about $50,000 of its $2,659,428 claim).
[48] ECF 11, Am. Compl. ¶ 13.

an action under section 523 where a creditor seeks a determination that debt based on the personal guarantees is non-dischargeable.[49]

Under the Bankruptcy Code, creditors have statutory standing to object to discharge of the debt they are owed.[50] In fact, according to the Fifth Circuit, "[t]he only requirement for standing to bring a nondischargeability action . . . is that the action must be brought by a creditor."[51] The Bankruptcy Code defines a "creditor" as an entity that has a pre-petition claim against the debtor.[52] "Claim" is also broadly defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed, legal, equitable, secured, or unsecured."[53] Listing an entity as a creditor in bankruptcy schedules constitutes "prima facie evidence of a party's interest in the case."[54]

In the context of an action to revoke a debtor's entire discharge under section 727, even a creditor with a disputed claim has the right to oppose a debtor's discharge.[55] This is so because, as the Fifth Circuit has said, "[a] discharge would affect the interests of creditors with disputed claims since they have a chance of prevailing on their claims."[56] In fact, a claimant will not lose their standing to oppose discharge until their claim has been "conclusively disproved."[57] The Court sees no

---

[49] *See Indian River Homes v. Wilmington Trust Co.,* 1993 U.S. Dist. LEXIS 2521, *13–15 (D. Del. 1993) (involving dismissal of state court claims); *Marchman v. NCNB Texas Nat'l Bank,* 898 P.2d 709, 717–18 (N.M. 1995) (involving dismissal of state court claims).

[50] 11 U.S.C. § 523(c) ("[T]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom the debt is owed . . . the court determines such debt to be excepted from discharge . . . .").

[51] *Fezler v. Davis (In re Davis)*, 194 F.3d 570, 574 (5th Cir. 1999).

[52] 11 U.S.C. § 101(10)(A).

[53] 11 U.S.C. § 101(5) (emphasis added).

[54] *See Stanley v. Vahlsing (In re Vahlsing)*, 829 F.2d 565, 567 (5th Cir. 1987) (discussing prima facie effect of listing creditor in bankruptcy schedules in context of denial of debtor's discharge under section 727).

[55] *In re Vahlsing*, 829 F.2d at 567. *T.D. Farrell Const., Inc. v. Schreiber*, 2008 WL 4831380 *16–17 (S.D. Tex. Nov. 3, 2008) (citing *8400 N.W. Expressway, L.L.C. v. Morgan (In re Morgan)*, 360 B.R. 507, 515 (Bankr. N.D. Tex. 2007)); *Guerriero v. Kilroy (In re Kilroy)*, 354 B.R. 476, 488 (Bankr. S.D. Tex. 2006) (citing *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 556 (5th Cir. 1985)).

[56] *In re Vahlsing*, 829 F.2d at 567.

[57] *Id.*; *In re Morgan*, 360 B.R. at 515, *aff'd*, No. 05-34981, 2007 WL 4165701 (N.D. Tex. Nov. 19, 2007), *aff'd*, 297 F. App'x 302 (5th Cir. 2008).

8

reason to distinguish between an objection to a debtor's entire discharge and an objection to discharge of a particular debt in this context because the principle at play is the same: if a creditor has a chance of collecting on their claim, that creditor has standing to object to discharge of their claim under either section 727 or section 523.

Thus, in addition to constitutional standing, Fanale has statutory standing to object to discharge of his claim because he is listed as a creditor in the Defendant's bankruptcy case and filed a claim that has not been disallowed.[58] In fact, the Defendant and Fanale agreed to abate adjudicating Fanale's claim until the conclusion of this adversary proceeding, so he will remain a creditor throughout this proceeding.[59] And, of course, discharge of Fanale's claim would affect Fanale, even though the claim is disputed, because he would lose any opportunity to recover from the Defendant.

For these reasons, the Court finds that it should deny the Amended Motion to Dismiss on the basis that Fanale lacks standing.[60]

### B.    The section 523(a)(2)(A) claim relates back to the Original Complaint and is therefore timely.

Under Bankruptcy Rule 4007(c), creditors must file complaints to determine the dischargeability of debt no later than 60 days after the first date set for the meeting of creditors.[61] Although courts strictly adhere to this deadline, they will sometimes allow a party to amend their complaint to add an additional claim or switch "from one § 523(a) subsection to another § 523(a) subsection when the

---

[58]  Case No. 24-10999, Claim No. 21.
[59]  Case No. 24-10999, ECF No. 96, Order Approving Stip. to Abate Resp. Deadlines for Pending Claim Objections (abating deadline to respond to the objection to Fanale's claim).
[60]  Because Fanale has standing to pursue his claims as one of the Defendant's creditors, the Court does not reach the issue of whether he also has standing as a shareholder.
[61]  Fed. R. Bankr. P. 4007(c).

actions involved in both arise out of the same events."[62] The Fifth Circuit has also "expressly acknowledged that courts allow amendments of § 523(a) claims filed after the [deadline] to relate back to the original complaint."[63]

Whether an amended pleading relates back to a prior pleading is a procedural question governed by Federal Rule of Civil Procedure 15(c). Rule 15(c)(2) provides that pleading amendments relate back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—*or attempted to be set out*—in the original pleading."[64] "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."[65] And, according to the Fifth Circuit, "[n]ewly asserted claims relate back if they are premised on the same or similar allegations as those in the original filing."[66] On the flip side, new claims do not relate back if they require factual support that "differ[s] in both time and type" from that required by the timely claim.[67]

Here, the Plaintiffs seek to add a claim under section 523(a)(2)(A), which excepts from discharge "money, property, services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."[68] So the question is whether the Plaintiffs adequately set out, or attempted to set out, facts to support a

---

[62] *See, e.g.*, *Pizza Patrón Inc. v. Saenz (In re Saenz)*, 515 B.R. 521, 531 (Bankr. S.D. Tex. 2014); *Guaranty Corp. v. Fondren (In re Fondren)*, 119 B.R. 101, 104 (Bankr. S.D. Miss. 1990) (finding that addition of claim under section 523(a)(6) in amended complaint related back to original complaint because allegations new claim relied upon were "the very same as those presented in the original complaint which alleged a violation under section 523(a)(2)"). *See also Farmer v. Osburn (In re Osburn)*, 203 B.R. 811, 813 (Bankr. S.D. Ga. 1996) (holding that, where the movant's § 523(a)(15) claim "arises out of the same transactions and set of facts giving rise to the timely filed § 523(a)(5) complaint, the amendment relates back to the date of original filing and is timely under Rule 4007(c)").
[63] *In re Saenz*, 515 B.R. at 532 (citing *Bank of La. v. Bercier*, 934 F.2d 689, 693 n.7 (5th Cir. 1991)).
[64] Fed. R. Civ. P. 15(c) (emphasis added), made applicable to adversary proceedings by Bankruptcy Rule 7015.
[65] *Mayle v. Felix*, 545 U.S. 644, 664 (2005).
[66] *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021) (citation omitted).
[67] *Felix*, 545 U.S. at 650.
[68] 11 U.S.C. § 523(a)(2)(A).

section 523(a)(2)(A) claim in the Original Complaint. If not, the claim must be dismissed as untimely under Rule 12(b)(6).[69]

When evaluating a complaint under Rule 12(b)(6), a court must "accept all facts alleged by the plaintiff as true" and examine whether the pleading states a claim for relief that is "plausible on its face."[70] Furthermore, a court must view the alleged facts in the "light most favorable to the plaintiff."[71]

Putting this all together, the Court must dismiss the section 523(a)(2)(A) claim in the Amended Complaint if the Original Complaint failed to set out, or attempt to set out, facts that would support such a claim, viewing the pleading in the light most favorable to the Plaintiffs.

In the Original Complaint, the Plaintiffs alleged in part that:

- The Companies obtained EIDL loans at the Defendant's urging "with statements to Fanale that the companies could not survive without a cash infusion."[72]
- Fanale executed personal guarantees for the loans.[73]
- The Defendant "continually represented to Fanale that the company's financial woes were due to a lack of customer revenue and excessive overhead and company expenses."[74]
- The Defendant was stealing money out of the Companies' payroll accounts.[75]
- "Fanale discovered numerous transfers ranging from $5,000 to $15,000 from [the Companies'] payroll bank accounts to Eden Hills Holdings, LLC, an entity owned and operated by [the Defendant] and his wife, Vanessa N. Jones."[76]
- "Before July 2023, Fanale had no knowledge of [the Defendant's]

---

[69] Because the Court limited its analysis to the timeliness of the section 523(a)(2)(A) claim, it will not address the adequacy of the facts alleged under the Rule 8 and Rule 9 pleading standards at this time.
[70] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[71] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted).
[72] ECF No. 1, Original Compl. ¶ 9.
[73] ECF No. 1, Original Compl. ¶ 10.
[74] ECF No. 1, Original Compl. ¶ 11.
[75] ECF No. 1, Original Compl. ¶ 11.
[76] ECF No. 1, Original Compl. ¶ 12.

embezzlement but it became clear upon his review that [the Defendant's] transfers to Eden, which performed no services for [the Companies] were not made to benefit either Upward or Paragon."[77]
- The Defendant "confessed to embezzling company money to fund Eden's operations on the Wimberley Properties."[78]
- The Defendant "acknowledged that he knowingly took funds he had no right to take for an unlawful purpose."[79]
- "To date, Fanale has identified at least eighty-one (81) unauthorized transfers that [the Defendant] made from [the Companies'] accounts to Eden."[80]
- The Defendant's "actions seriously jeopardized both [Companies] which are now obligated to pay monthly debt service of approximately $20,000.00 on the COVID Loans and have since fallen into default."[81]

Altogether, these factual allegations—which the Court must accept as true and view in the light most favorable to the Plaintiffs—lay out the same general story that the Plaintiffs allege in the Amended Complaint to support the section 523(a)(2)(A) claim.[82] In other words, the new section 523(a)(2)(A) claim relies upon "facts that arise out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings."[83] Therefore, the Court finds that the section 523(a)(2)(A) claim relates back to the Original Complaint and the Amended Motion to Dismiss on the timeliness ground should be denied.

**FOR THESE REASONS, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Amended Motion to Dismiss [ECF No. 24] filed by Plaintiffs Brian Fanale, Upward Enterprises, LLC, Paragon Principles, LLC, and Gold Star Marketing, LLC is DENIED.

---

[77] ECF No. 1, Original Compl. ¶ 14.
[78] ECF No. 1, Original Compl. ¶ 15.
[79] ECF No. 1, Original Compl. ¶ 15.
[80] ECF No. 1, Original Compl. ¶ 17.
[81] ECF No. 1, Original Compl. ¶ 18.
[82] *See supra* "Factual Background."
[83] Fed. R. Civ. P. 15(c)(2).

IT IS FURTHER ORDERED that the Plaintiffs have leave to file a second amended complaint by **July 25, 2025**.

# # #